UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ROBERT A. JONES,

                Petitioner,

v.                                                  9:19-CV-0633
                                                           (TJM/DJS)

AKINYEMI AWOPETU, Superintendent of Livingston
Correctional Facility,

                Respondent.
_____

APPEARANCES:                                             OF COUNSEL:

ROBERT A. JONES
Petitioner, pro se
06-A-2830
Livingston Correctional Facility
P.O. Box 91
Sonyea, NY 14556

THOMAS J. McAVOY
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

On April 17, 2019, the United States District Court for the Western District of New York received a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as well as several exhibits in support of the petition and an application to proceed in forma pauperis ("IFP") from Robert A. Jones. Dkt. No. 1, Petition ("Pet."); Dkt. No. 1-1--1-12, Exhibits ("Ex."); Dkt. No. 2, Application to Proceed IFP ("IFP Application"); *see also Jones v. Awopetu*, No. 6:19-CV-6287 (W.D.N.Y. 2019).[1] The following day, the court received petitioner's statutory

---

[1] For the sake of clarity, citations to petitioner's filings refer to the pagination generated by CM/ECF, the Court's electronic filing system.

filing fee. Dkt. Entry dated 4/18/19 (indicating receipt information). On May 29, 2019, the case was transferred to the Northern District.[2] Dkt. No. 3, Order; Dkt. No. 4.

For the reasons that follow, petitioner's IFP application is denied and he is directed to file an affirmation addressing the issues discussed herein.

## II. IFP APPLICATION

On April 18, 2019, the court received petitioner's statutory filing fee. Dkt. Entry dated 4/18/19 (indicating receipt information). Accordingly, because the fee was already paid, the IFP Application is denied as moot.

## III. THE PETITION AND EXHIBITS

Petitioner challenges a 1994 judgment of conviction in Essex County, convicting him, upon his guilty plea, of second degree murder, first degree kidnapping, and first degree rape. Pet. at 1.[3] Petitioner never directly appealed his conviction. Dkt. No. 1-8 at 8.

On July 30, 2015, petitioner filed a motion to vacate his conviction pursuant to New York Criminal Procedure Law § 440.10 ("440 motion"). Pet. at 3; *see also* Dkt. No. 1-2 at 2-45. Petitioner argued he was entitled to relief because (1) his counsel was ineffective; (2) he suffered from police, prosecutorial, and judicial misconduct; (3) there was insufficient evidence to support his conviction; (4) he was subjected to an illegal seizure; (5) his due process protections were violated; (6) his plea was involuntary; and (7) his sentence was

---

[2] Petitioner previously filed a habeas petition in this Court, on August 6, 2015, which was dismissed because the petition was unexhausted on its face. *Jones v. Jones*, No. 9:15-CV-0957 (DNH/DEP), Dkt. No. 2, Decision and Order.

[3] Pursuant to petitioner's memorandum of law on appeal, his underlying criminal conviction arose when petitioner "pleaded guilty to an indictment charging him with murder in the second degree, kidnapping in the first degree and rape in the first degree in connection with the previously unsolved disappearance of Kari Lynn Nixon in 1987. Consistent with the terms of the plea agreement, [petitioner] provided a detailed confession to police and received an aggregate indeterminate sentence of 18 years' to life imprisonment." Dkt. No. 1-8 at 7.

2

unlawful. Pet. at 3; Dkt. No. 1-2 at 2-45. On August 29, 2016, the county court denied petitioner's 440 motion, and, on March 28, 2018, the Appellate Division, Third Department, affirmed the decision. Pet. at 11; *see also* Dkt. No. 1-7 (counseled letter seeking permission to appeal the county court's denial of the 440 motion); Dkt. No. 1-8 at 1-17 (counseled brief on appeal).

Liberally construing the petition, petitioner contends that he is entitled to federal habeas relief on the following grounds: (1) his counsel was constitutionally ineffective (Pet. at 5-8, 25-34, 41-43); (2) he was subjected to police and prosecutorial misconduct, specifically being coerced to provide a confession under duress (*id.* at 8-10, 35-36); (3) the trial was unfair due to prosecutorial and judicial misconduct because no preliminary hearing was conducted and the indictment was defective (*id.* at 10-12, 15, 37-40); and (4) the plea was involuntary and encouraged by prosecutorial misconduct because the promised sentence was abandoned by petitioner's counsel (*id.* at 13-14, 40-42). For a complete statement of petitioner's claims, reference is made to the petition and supporting exhibits.

## IV.  DISCUSSION

### A.  Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28

3

U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 & n.9 (2012).[4]

For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending, but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per curiam). The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken. *Saunders*, 587 F.3d at 548; *Smith*, 208 F.2d at 16.

Moreover, AEDPA's one-year statute of limitations period "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). To warrant equitable tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

---

[4] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the constitutional right on which the petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized and made retroactively applicable, or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence (newly discovered evidence). 28 U.S.C. § 2244(d)(1)(B)-(D). None of the bases for a later date upon which the statute of limitations could have begun to run appear to apply in this case.

*Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008). Courts have also recognized an equitable exception to the one-year statute of limitations under 28 U.S.C. §2244(d)(1) in cases where a petitioner can prove actual innocence. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1928, 1931 (2013). However, a petitioner's lack of legal knowledge does not constitute extraordinary circumstances preventing him or her from filing a timely petition. *Jenkins v. Greene,* 630 F.3d 298, 305 (2d Cir. 2010); *see Smith,* 208 F.3d at 18 (noting that a petitioner's pro se status does not establish sufficient ground for equitable tolling).

Petitioner was sentenced on March 14, 1994. Pet. at 1. Petitioner did not directly appeal that conviction. Dkt. No. 1-8 at 9. Because petitioner failed to file a notice of appeal, his conviction became final on April 13, 1994, or thirty days after he was sentenced. *See Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (per curiam) (explaining that the one-year statute of limitations began to run when the petitioner's time for filing a notice of appeal from the judgment of conviction expired); *Vaughan v. Lape*, No. 9:05-CV-1323 (DNH), 2007 WL 2042471, *4 (N.D.N.Y. July 12, 2007) ("In New York, a defendant has thirty days after the 'imposition of the sentence' to notify the court that he will appeal.") (quoting CPL § 460.10(1)(a)); *Gonzalez*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-49 (2d Cir. 2009). Accordingly, petitioner had until April 13, 1995, to timely file his habeas petition. The present petition was signed on April 11, 2019, almost twenty-four years past the termination of the statute of limitations.[5]

Further, based on the present petition, it does not appear that the statute of limitations

---

[5] Under the prison "mailbox rule," a petitioner's application is deemed filed on the date he delivers it to the prison authorities for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988)

5

should be statutorily or equitably tolled.  Petitioner did properly file his 440 motion; however that post-conviction motion, filed in 2015, has no bearing on the present analysis.  An application for collateral relief cannot serve to "revive [an] expired statute of limitations." *Gillard v. Sticht*, No. 9:16-CV-0513 (MAD), 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) (citations omitted); *accord, Roberts v. Artus*, No. 1:16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) ("If the 440 motion was filed after the one-year statute of limitations period expired, it cannot be counted for purposes of statutory tolling.").

The Supreme Court has held that the district court may raise the statute of limitations issue sua sponte, but before the court may dismiss the petition sua sponte on that basis, the petitioner is entitled to notice and an opportunity to be heard regarding the timeliness issue. *Day v. McDonough*, 547 U.S. 198, 209-11 (2006).  Accordingly, the Court will give petitioner an opportunity to file a written affirmation **within thirty (30) days** of the filing date of this Decision and Order explaining why the statute of limitations should not bar his petition.  The affirmation shall not exceed fifteen (15) pages in length.  If petitioner fails to comply with this order, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d).

## V. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that petitioner's IFP Application (Dkt. No. 2) is **DENIED as MOOT**; and it is further

**ORDERED** that petitioner may file a written affirmation, **within thirty (30) days** of the filing date of this Decision and Order, explaining why the statute of limitations should not bar this petition.  The affirmation shall not exceed fifteen (15) pages in length.  Petitioner should state the date(s) upon which he filed any state court applications for relief in which he

challenged his conviction, including the name and location of the court(s) in which he filed each application, and the date(s) upon which the application(s) were denied.  If petitioner is asking the court to equitably toll the limitations period, he must set forth facts establishing a basis for the application of equitable tolling as stated above.  If petitioner is asking the Court to apply an equitable exception to the limitations period, he must set forth facts establishing a basis for doing so.  No answer to the petition will be required from the respondent until petitioner has submitted the required affirmation, and the Court has had the opportunity to review his arguments; and it is further

**ORDERED** that upon petitioner's submission of the written affirmation, the Clerk shall forward the entire file to the court for review; and it is further

**ORDERED** that if petitioner fails to submit the required affirmation, this petition shall be dismissed as time-barred under 28 U.S.C. § 2244(d) with no further order from the Court; and it is further;

**ORDERED** that the Clerk is directed to serve a copy of this Order on petitioner in accordance with the Local Rules.

Dated:June 5, 2019

_____
Thomas J. McAvoy
Senior, U.S. District Judge