**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT A. JONES,

                                        Petitioner,

           - v -                                        9:19-CV-633
                                                        (TJM/DJS)

AKINYEMI AWOPETU, *Superintendent of*
*Livingston Correctional Facility*,

                                        Respondent.

**APPEARANCES:**                        **OF COUNSEL:**

ROBERT A. JONES
Petitioner, *Pro Se*
06-A-2830
Wyoming Correctional Facility
P.O. Box 501
Attica, New York 14011

HON. LETITIA JAMES                      PRISCILLA I. STEWARD, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Respondents
28 Liberty Street
New York, New York 10005

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER[1]

    *Pro se* Petitioner Robert A. Jones, currently confined at Wyoming Correctional

Facility, seeks a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  Petitioner's

---

[1] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and
N.D.N.Y.L.R. 72.3(c).

incarceration stems from his conviction based on a plea of guilty on February 10, 1994, for second degree murder, New York Penal Law § 125.25, first degree kidnapping, Penal Law § 135.25, and first degree rape, Penal Law § 130.35.  Dkt. No. 1, Pet., p. 1;[2] Dkt. No. 14, State Court Record, "SR." at pp. 462-84.[3]  Petitioner was sentenced for those crimes on March 14, 1994.  SR. at pp. 485-500.

Upon receipt of the Petition, the District Court ordered that Petitioner be given an opportunity to submit an affirmation addressing the timeliness of his Petition, as it appeared it may be time-barred.  Dkt. No. 5.  Petitioner submitted such an affirmation, Dkt. No. 8, and the District Court decided not to dismiss the Petition as untimely at that time, declining to make such a determination until after Respondent had an opportunity to respond to the Petition and to Petitioner's arguments, Dkt. No. 9.

Petitioner asserts the following grounds for habeas relief in his Petition: (1) ineffective assistance of counsel, judicial misconduct, and due process violation; (2) ineffective assistance of counsel concerning violations of his Sixth and Fourteenth Amendment rights; and (3) police and prosecutorial misconduct, illegal seizure for the purpose of coercing, and use of threats to gain an illegal confession under duress.  Pet.

---

[2] When citing to the Petition, the Court refers to the pagination assigned by the Court's CM/ECF system because the Petition is not sequentially numbered.

[3] Citations to the state court record are to the bates numbers at the bottom of the page that are preceded by "SR."

Respondent opposes the Petition and contends that the application should be dismissed, both because it is time-barred, and because none of Petitioner's claims warrant habeas relief. Dkt. No. 13-1, Resp. Mem. of Law. For the reasons that follow, it is recommended that this action be dismissed in its entirety.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 1994, Petitioner pled guilty to second-degree murder, first-degree kidnapping, and first-degree rape in exchange for a sentence of no greater than 18 years to life. SR. at pp. 462-84. On March 14, 1994, Petitioner was sentenced to 18 years to life for the murder and kidnapping convictions, and 12 1/2 to 25 years for the rape conviction. SR. at pp. 485-500. Petitioner did not appeal his conviction, apparently in accordance with a waiver that he had agreed to as part of his plea agreement. SR. at pp. 20-21.

Petitioner first sought any collateral relief in state court when he filed a motion pursuant to CPL §§ 440.10 and 440.20 on August 1, 2015. SR. at pp. 1-112. The County Court denied Petitioner's motion to vacate the judgment, but corrected Petitioner's first-degree rape sentence to be for an indeterminate prison term of 8 1/3 to 25 years to run concurrently with his kidnapping convictions. SR. at pp. 126-38. Petitioner then filed an application for leave to appeal to the Appellate Division, and such leave was granted. SR. at pp. 139-94. On May 10, 2018, the Appellate Division affirmed the denial of

3

Petitioner's motions.  SR. at pp. 747-52.  Petitioner then sought leave to appeal to the New York Court of Appeals, and the court denied the leave application.  SR. at pp. 753-61; *People v. Jones*, 31 N.Y.3d 1118 (2018).

## II. TIMELINESS OF THE PETITION

Respondent maintains that Petitioner's claim is time-barred under the applicable statute of limitations.  *See* Resp. Mem. of Law, pp. 11-15.  Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), prisoners have a one-year statute of limitations to seek federal review of their state court criminal convictions.  28 U.S.C. § 2244(d)(1).  The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review.  28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 149-50 (2012).  For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after the date on which the highest court in the state has completed direct review of the case.  *Gonzalez v. Thaler*, 565 U.S. at 150; *Saunders v. Senkowski*, 587 F.3d 543, 547-59 (2d Cir. 2009).  If a petitioner does not appeal to the state's highest court, the judgment becomes final when the time for seeking

4

such review expires. *Gonzalez v. Thaler*, 565 U.S. at 150. Courts look to "state-court filing deadlines when petitioners forgo state-court appeals." *Id.* at 152.

Here, Petitioner did not appeal his conviction. His conviction therefore became final thirty days after the date of his conviction, pursuant to New York Criminal Procedure Law § 460.10(1)(a). *See Vaughan v. Lape*, 2007 WL 2042471, at *4 (N.D.N.Y. July 12, 2007). Because Petitioner's conviction became final prior to the enactment of the AEDPA, however, the statute of limitations is subject to the grace period afforded such petitioners. *Ross v. Artuz*, 150 F.3d 97, 103 (2d Cir. 1998). This grace period allowed Petitioner until April 24, 1997 to file a habeas corpus petition. *Id.* Petitioner filed the present Petition on April 11, 2019. As such, his Petition was filed almost twenty-two years beyond the expiration of the statute of limitations and is untimely. *See Vaughan v. Lape*, 2007 WL 2042471, at *4; *Phelan v. Eckert*, 2021 WL 2580103, at *3 (N.D.N.Y. June 23, 2021).

The one-year limitation period under AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *Saunders v. Senkowski*, 587 F.3d at 548. The tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000) (per

curiam).  The tolling provision excludes from the limitations period only the time that the state relief application remained undecided, including the time during which an appeal from the denial of the motion was taken.  *Saunders v. Senkowski*, 587 F.3d at 548; *Smith v. McGinnis*, 208 F.3d at 16.  Petitioner's motion for relief pursuant to CPL §§ 440.10 & 440.20 did not toll the limitations period here, as it was filed over eighteen years after the expiration of the grace period.  *See Gillard v. Sticht*, 2017 WL 318848, at *3 (N.D.N.Y. Jan. 23, 2017) ("The law is clear that Petitioner's [ ] section 440.10 motion does not revive the expired statute of limitations.").

In addition, "[a] petitioner may secure equitable tolling of the limitations period in certain rare and exceptional circumstances." *Martinez v. Superintendent of E. Corr. Facility*, 806 F.3d 27, 31 (2d Cir. 2015) (internal quotations and alterations omitted) (citing cases).  To demonstrate his entitlement to equitable tolling Petitioner "must establish that (a) 'extraordinary circumstances' prevented him from filing a timely petition, and (b) he acted with 'reasonable diligence' during the period for which he now seeks tolling." *Id.* (quoting *Smith v. McGinnis*, 208 F.3d at 17).  There is "a high bar to deem circumstances sufficiently 'extraordinary' to warrant equitable tolling." *Rivera v. United States*, 448 Fed. Appx. 145, 146 (2d Cir. 2011) (citing *Dillon v. Conway*, 642 F.3d 358, 363 (2d Cir. 2011)).

6

The Petition does not present any appreciable argument for equitable tolling.  *See* Pet. at pp. 21-43 (Petitioner's memorandum of law).  However, in his affirmation that he filed in response to the District Court's earlier order, Petitioner alleged that his attorney did not notify him of his right to appeal, did not file an appeal on his behalf, and ignored and abandoned him during the period when an appeal was due.  Dkt. No. 8 at pp. 3-5. Such an argument does not entitle him to equitable tolling here.

Initially, "[t]o meet his burden of establishing that some extraordinary circumstance exists, . . . [c]ircumstances based on attorney negligence 'must be so egregious as to amount to an effective abandonment of the attorney-client relationship.'" *Davis v. Lempke*, 767 Fed. Appx. 151, 153 (2d Cir. 2019) (summary order) (quoting *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir. 2012)).  Petitioner provides no details regarding what occurred post-sentencing, including whether he ever asked his counsel to file an appeal, and he does not explain how his counsel's failure to assist him with an appeal prevented him from timely filing a habeas corpus petition.  To the extent Petitioner intends to contend that he failed to timely file a habeas corpus petition because he lacked the requisite legal knowledge, courts have repeatedly found a lack of sufficient legal knowledge such as this insufficient to establish extraordinary circumstances. *Paliulis v. Saratoga Cty. Prob. Dep't*, 2010 WL 1781600, at *6 (N.D.N.Y. May 3, 2010) (collecting cases); *Wilson v. Bennett*, 188 F. Supp. 2d 347, 354 (S.D.N.Y. 2002).  Petitioner has not

met his burden to demonstrate extreme circumstances. Even if he had established extreme circumstances, Petitioner would still not be entitled to equitable tolling because he does not meet his burden to demonstrate that he acted with reasonable diligence "throughout the period he seeks to toll." *Smith v. McGinnis*, 208 F.3d at 17. Petitioner does not make any argument that he exercised any diligence in the over twenty years before he filed his Petition in 2019. Indeed, it appears that Petitioner did not take any action regarding his conviction until 2015, over twenty years after he was convicted. As such, Petitioner is not entitled to equitable tolling of his claims.

Finally, "a habeas petitioner 'may use his claim of actual innocence as a "gateway," or a means of excusing his procedural default, that enables him to obtain review of his constitutional challenges to his conviction.'" *Rivas v. Fischer*, 687 F.3d at 539 (quoting *Doe v. Menefee*, 391 F.3d 147, 161 (2d Cir. 2004)). In order to pass through the "actual innocence gateway," a petitioner must present a claim of actual innocence that is "both 'credible' and 'compelling.'" *Rivas v. Fischer*, 687 F.3d at 541 (quoting *House v. Bell*, 471 U.S. 518, 521, 538 (2006)).

> For the claim to be "credible," it must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851; *see also House*, 547 U.S. at 537, 126 S.Ct. 2064. For the claim to be "compelling," the petitioner must demonstrate that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or

8

to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House,* 547 U.S. at 538, 126 S.Ct. 2064.

*Rivas v. Fischer,* 687 F.3d at 541.  "The standard's demand for 'evidence of *innocence*' references 'factual innocence, not mere legal insufficiency.'"  *Hyman v. Brown,* 927 F.3d 639, 657 (2d Cir. 2019) (citations omitted).  Here, Petitioner does not assert that he is factually innocent.  *See* Pet. at pp. 21-43.  Petitioner only offers sweeping assertions that lack any reference to any fact or evidence, such as

> could the prosecution prove that an actual kidnapping took place, one without consent of the victim to go with the defendant from a prior meeting arrangement?  Could prosecution prove kidnapping in the first degree with a rape and an intentional murder?  No! Could prosecution prove that a rape took place where a forensic specialist could not? No! Especially not first degree rape. Could the prosecution prove elements to second degree intentional murder or any fact that proves how the body became deceased? No! And no expert examiner could say for a fact either.

Pet. at pp. 33-34; *see also* Pet. at p. 39.  This clearly does not come close to presenting a credible and compelling claim, and does not provide a basis for the Court to find this is a "truly extraordinary case" where Petitioner is entitled to an equitable exception to the limitation period.  *See Hyman v. Brown,* 927 F.3d at 655-57.  The Court therefore recommends finding that the Petition is barred by the statute of limitations and dismissing the action.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition (Dkt. No. 1) be **DENIED** and **DISMISSED**; and it is further

**RECOMMENDED**, that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days[4] within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*,

---

[4] If you are proceeding *pro se* and are served with this Report-Recommendation and Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation and Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  FED. R. CIV. P. 6(a)(1)(C).

892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated:  July 19, 2021
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge

11